## HUTCHINSON'S CASE.

Penobscot.    Opinion February 25, 1927.

*The construction of the contract of assent and the insurance policy under the Workmen's Compensation Act is a question of law.*

*If a division of employees is permitted by the Industrial Accident Commission that is not warranted under the Act, it does not follow that all employees must of necessity be included under the assent or are covered by a policy of insurance that is expressly limited to only a part.*

In this case the additional evidence introduced at the rehearing clearly shows that the deceased when injured was not engaged in any work covered either by the written assent of the employer or the policy of insurance.

On appeal.   A petition by Lucy A. Hutchinson as dependent widow of Fred A. Hutchinson who was killed, September 8, 1919, at the Veazie Power Plant, so-called, while in the employ of the Bangor Railway & Electric Company, by coming in contact with live wires. The case has once before been before the Law Court, 123 Maine, 250, and was recommitted for further hearing.   A second hearing was had and compensation awarded and appeal taken on the ground that the work deceased was engaged in at the time of the accident was not covered by the assent of the employer nor by the insurance policy. Appeal sustained.   Decree of sitting Justice reversed.   Petition dismissed.

The case is sufficiently stated in the opinion.

*Albert G. Averill and W. H. Waterhouse,* for petitioner.

*Andrews, Nelson & Gardiner and Ryder & Simpson* for respondents.

SITTING:   WILSON, C. J., DUNN, BARNES, BASSETT, JJ.

WILSON, C. J.   The Bangor Railway and Electric Co., in 1918 began the reconstruction of one of its power plants located at Veazie on the Penobscot river.   The work was done by the company, not according to a single plan, but in separate units at separate times.

While in the construction of a unit which included the installing of a new switchboard, which was composed of a series of brick cells containing transformers, meters, and other equipment used in connection with the transposing or reducing and metering the current as it was transmitted from the generators to the distribution system, which unit is designated on the company's books as Job Plan 3082, the claimant's husband was fatally injured.

At the time of the accident, plans had been drawn and some preliminary work done in the reconstruction of three flumes in a series of fifteen and the installing of three new water wheels and generators in connection therewith. This unit was designated on the company books as Job Plan 3083. The only electrical work connected with this unit was the connecting of the new generators with the transmission system.

Up to the beginning of the work on the reconstruction of the flumes and installation of the new water wheel and generators, the company was not an assenting employer, but, owing to the hazards connected with this work, it filed its written assent to the Compensation Act as to the employees engaged on the construction work covered by Plan 3083, and an insurance policy covering the employee engaged on Job Plan 3083, and expressly stipulating that it covered no others.

Its written assent and insurance policy received the approval of the Industrial Accident Commission and a certificate was issued to it under Sec. 6, III of the Act.

The Chairman of the Commission on December 11, 1922 handed down a decision holding the company liable to compensation either because the work on which the deceased was engaged at the time of his injury was a part of and incidental to the work contemplated under Job Plan 3083 or because he was engaged in work directly connected with the development of the plant as set forth in Job Plan 3083.

From the decree of the court in accordance with his decision an appeal was taken and this Court ruled, 123 Me., 253, that neither the assent nor the contract of indemnity can be construed to cover any electrical work, except such as may be connected with the relocating of the generators under Job Plan 3083, and held that there was no evidence in the printed record as then presented to show that the work on which the deceased was engaged at the time of his injury was covered by the assent or insurance policy; but as the Commission visited the plant, he may have there received such evidence, and

although improperly received under the circumstances disclosed by the evidence, in order that no injustice might be done the claimant, the case was remanded for further hearing.

A rehearing has been had, and the evidence now before us settled beyond question that the work on which the deceased was engaged was no part of the work contemplated under Job Plan 3083. The Commissioner, in order to hold that the deceased was covered by the assent, was compelled to find either that he was engaged in the work covered by Job Plan 3083 or hold that the assent and policy covered all the employees engaged in making the contemplated improvements at this plant, including both Plan 3083 and Plan 3082. The former he could not do. The evidence was conclusive. He adopted the latter. His process of reasoning is: that either the assent and policy were null and void as covering only part of the men employed in a single enterprise or they are good as to all the employees; again, it is folly to say that an employer can become an assenting employer as to certain men who are installing machinery in one part of a plant with which certain wires must be connected and at the same time exclude from the benefit of the assent other employees engaged at the same time under the same roof for the same employer and all paid from a common fund and all engaged in the erection of a single completed unit for the production of power; and, therefore, the assent and contract of indemnity must cover all.

If such a division of employees is not permitted under the statute, it is, of course, a *non sequitur* that such a limited assent and policy must cover all. If to hold that the assent and indemnity contract in this case was so limited be folly, it was committed with the full knowledge and consent of the Industrial Accident Commission when it approved the assent and policy. This Court has not been called on to pass on the validity of the assent, and has not. Having been passed on by the Industrial Accident Commission, it has assumed they were valid, until questioned. Assuming that validity, the construction of the assent and the contract of indemnity is a question of law not of fact. This Court has already placed its construction upon them. It sees no reason to change it. *Nash* v. *Drisco,* 51 Me., 417; *Hoyt* v. *Tapley,* 121 Me., 239.

> *Appeal sustained. Decree of sitting Justice reversed. Petition dismissed.*